# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Stephen U.,**
**Petitioner Below, Petitioner**

**v.)  No. 25-364** (ICA No. 24-ICA-326)

**The State of West Virginia; Dr. Arin Singh,**
**Cabinet Secretary of the Department of Health;**
**Justin Davis, Acting Commissioner of the Bureau**
**of Public Health; Dr. Mark E. McDaniel, Acting**
**State Health Officer; and Matthew Wickert,**
**State Registrar,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Stephen U. appeals from a memorandum decision entered April 29, 2025, by the Intermediate Court of Appeals ("ICA") affirming the Circuit Court of Kanawha County's order granting the respondents' motion to dismiss entered August 7, 2024.[1] *See Stephen U. v. Young*, No. 24-ICA-326, 2025 WL 1249486 (W. Va. Ct. App. Apr. 29, 2025) (memorandum decision). On appeal, the petitioner challenges (1) the ICA's application of res judicata, (2) the ICA's implicit ruling that family courts have subject matter jurisdiction to determine the constitutionality of rules and statutes,[2] (3) the ICA's jurisdiction, and (4) the constitutionality of West Virginia Code § 16-5-10(e). We determine that oral argument is unnecessary and that a memorandum decision summarily affirming the dismissal of the petitioner's claims is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner has repeatedly attempted to divest his children's mother, C.J., of custody of their children and her status as the children's mother by arguing that C.J. was merely a gestational

---

[1] The petitioner is self-represented. The respondents appear by Attorney General John B. McCuskey and Deputy Attorney General Steven R. Compton. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] In this assignment of error, the petitioner essentially raises additional challenges to the ICA's application of res judicata, arguing that he could not have raised the issues in his complaints below with the family court, as it would not have had jurisdiction to hear the merits of the case and award damages caused by the respondents.

surrogate for their three younger children. *See S.U. v. C.J.* ("*S.U. I*"), No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019) (memorandum decision); *S.U. v. C.J.* ("*S.U. II*"), No. 19-1181, 2021 WL 365824 (W. Va. Feb. 2, 2021) (memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption I*"), No. 20-0039, 2021 WL 4935772 (W. Va. Oct. 13, 2021) (memorandum decision); *In re The Children of: S.U. v. C.J.*, Nos. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W. Va. Oct. 13, 2021) (memorandum decision); *In re S.U.*, No. 21-0258, 2022 WL 1556113 (W. Va. May 17, 2022) (memorandum decision). We have continually upheld the mother's legal rights, concluding there was never a valid gestational surrogacy agreement between the petitioner and C.J., and emphasizing that C.J. is the legal mother of the children. *Id.*, at *1; *S.U. I*, 2019 WL 5692550, at *4.

The petitioner has refused to accept the validity and finality of our determinations and, yet again, is seeking to have C.J.'s name removed from the children's birth certificates. In this most recent attempt, the petitioner filed a self-represented complaint against the respondents in the Circuit Court of Kanawha County arguing that the application of West Virginia Code § 16-5-10(e) violated his due process and equal protection rights because it required a birth certificate to be filed within seven days of each of his children's births and deprived him of adequate opportunity to rebut the statute's presumption of maternity. The petitioner, by counsel, filed an amended complaint several months later, raising the same due process and equal protection claims. Thereafter, the respondents filed a motion to dismiss on the basis that the petitioner's claims were barred by the doctrine of res judicata.

By order entered on August 7, 2024, the circuit court granted the respondents' motion to dismiss. The court declined to apply res judicata and, rather, addressed the petitioner's arguments on their merits. The court concluded that West Virginia Code § 16-5-10(e) was not unconstitutional as applied to the petitioner; found that it did not violate his First, Fourth, or Fourteenth Amendment rights; and noted that he had the opportunity to, and did, challenge the presumption of maternity under the statute. *See S.U. I*, 2019 WL 5692550, at *4 (stating that the petitioner "failed to submit competent evidence to overcome the presumption set forth in West Virginia Code § 16-5-10(e) that 'the woman who gives birth to the child is presumed to be the mother'"). The petitioner appealed to the ICA, which affirmed the circuit court's order on other grounds. This appeal followed.

We review de novo a decision of the ICA upholding the circuit court's granting of a motion to dismiss a complaint. Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025).

At the outset, we dispense with the petitioner's claim that the ICA lacked jurisdiction over this matter. While it is true that the ICA lacks jurisdiction over interlocutory appeals, *see* W. Va. R. App. Proc. 1(b), the circuit court's order granting the respondents' motion to dismiss addressed the claims raised in both the initial complaint and the amended complaint, and finally terminated the litigation between the parties, leaving nothing to be done but enforce the circuit court's ruling. *See* Syl. Pt. 1, *Kanawha Cnty. Bd. of Educ. v. S.D.*, 249 W. Va. 401, 895 S.E.2d 485 (2023) ("'Under W. Va. Code, 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' Syl. Pt. 3, *James M. B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995)."). Accordingly, we reject

the petitioner's assertion that the order dismissing the action was an interlocutory order and that the ICA lacked jurisdiction over his appeal.

In the petitioner's other assignments of error, he (1) challenges the constitutionality of West Virginia Code § 16-5-10(e) and the respondents' application of the statute, (2) contends that the ICA wrongfully applied res judicata by finding that his prior actions involved persons in privity with the respondents here, and (3) claims the ICA made erroneous findings regarding family courts' jurisdiction over claims pertaining to state agencies' rules and their application of West Virginia Code § 16-5-10(e). Having considered the record and the briefs, we find no reversible error and therefore summarily affirm the dismissal of the petitioner's claims. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

3